**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| HUAWEI TECHNOLOGIES CO. LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-cv-00055-JRG-RSP |
| | ) | |
| T-MOBILE US, INC. and<br>T-MOBILE USA, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>INTERVENORS TELEFONAKTIEBOLAGET LM ERICSSON'S AND ERICSSON INC.'S ANSWER IN INTERVENTION</u>**

Intervenors Telfonaktiebolaget LM Ericsson and Ericsson Inc. (collectively, "Ericsson"), for their Answer in Intervention to the Original Complaint For Patent Infringement (Dkt. No. 1) ("Complaint") of Plaintiff Huawei Technologies Co., Ltd, ("Huawei") responds to the numbered paragraphs of the Complaint with the following corresponding paragraphs:

**<u>SCOPE OF ERICSSON'S ANSWER IN INTERVENTION</u>**

Ericsson's intervention in this case is limited to defending claims arising out of the use of Ericsson's equipment provided to T-Mobile USA, Inc., T-Mobile US, Inc., or both (alone, or in combination, "T-Mobile"). To the extent a response is required to averments outside of this scope, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the averments and therefore denies them.

**<u>ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT</u>**

1. Ericsson admits that Huawei filed an Original Complaint for Patent Infringement against T-Mobile US, Inc. and T-Mobile USA, Inc.

## NATURE OF ACTION

2. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies them.

3. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies them.

4. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies them.

5. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore denies them.

6. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore denies them.

7. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies them.

8. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies them.

9. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies them.

10. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies them.

11. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies them.

12. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies them.

13. Denied.

14. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies them.

15. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies them.

16. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies them.

17. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." As to the remaining allegations of this paragraph, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 and therefore denies them.

18. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." As to the remaining allegations of this paragraph, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 and therefore denies them.

19. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." As to the remaining allegations of this paragraph, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19 and therefore denies them.

20. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." As to the remaining allegations of this paragraph, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 and therefore denies them.

21. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." As to the remaining allegations of this paragraph, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 and therefore denies them.

22. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." As to the remaining allegations of this paragraph, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22 and therefore denies them.

23. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." As to the remaining allegations of this paragraph, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23 and therefore denies them.

24. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." As to the remaining allegations of this paragraph, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 and therefore denies them.

25. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." As to the remaining allegations of this paragraph, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 and therefore denies them.

26. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks" or "Wireless Infringing Networks." As to the remaining

allegations of this paragraph, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26 and therefore denies them.

27. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies them.

28. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore denies them.

29. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and therefore denies them.

30. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore denies them.

31. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore denies them.

32. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore denies them.

## PARTIES

33. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies them.

34. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and therefore denies them.

35. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and therefore denies them.

## JURISDICTION AND VENUE

36. Ericsson admits the Complaint purports to bring an action under the patent laws of the United States, Title 35 of the United States Code, but denies that Ericsson has committed

any acts of infringement. Ericsson admits that this Court has subject matter jurisdiction over these patent law claims. Except as so admitted, Ericsson denies any remaining allegations of paragraph 36.

37. Ericsson admits the Complaint sets forth allegations of patent infringement of U.S. Patent No. 8,798,575 ("the '575 patent"); U.S. Patent No. 8,531,971 ("the '971 patent"); U.S. Patent No. 8,235,675 ("the '675 patent"); and U.S. Patent No. 8,908,627 ("the '627 patent").

38. Ericsson admits that venue is proper for Ericsson for purposes of this particular action. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." Except as so admitted, Ericsson denies any remaining allegations of paragraph 38.

39. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." As to the remaining allegations of this paragraph, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 39 and therefore denies them.

## COUNT ONE

### (Alleged Infringement of U.S. Patent No. 8,531,971)

40. Ericsson repeats its responses to paragraphs 1–39 above, as if fully set forth herein.

41. Ericsson admits that the document attached to the Complaint as Exhibit 1 purports to be the '971 patent, titled "Method for Controlling Charging of Packet Data Service." Ericsson admits that the document attached to the Complaint as Exhibit 1 bears an issue date of "Sep. 10, 2013" and lists as Assignee "Huawei Technologies Co., Ltd." The remainder of the allegations contained in paragraph 41 are denied.

42. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 42 and therefore denies them.

43. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 43 and therefore denies them.

44. At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore denies them.

45. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45 and therefore denies them.

46. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 46 and therefore denies them.

47. At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and therefore denies them.

48. At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and therefore denies them.

49. At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and therefore denies them.

50. At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore denies them.

**COUNT TWO**

**(Alleged Infringement of U.S. Patent No. 8,798,575)**

51. Ericsson repeats its responses to paragraphs 1–50 above, as if fully set forth herein.

52. Ericsson admits that the document attached to the Complaint as Exhibit 2 purports to be the'575 patent, titled "Method for Improving Service Data Flow Based Charging and System Thereof." Ericsson admits that the document attached to the Complaint as Exhibit 2 bears an issue date of "Aug. 5, 2014" and lists as Assignee "Huawei Technologies Co., Ltd." The remainder of the allegations contained in paragraph 52 are denied.

53. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 53 and therefore denies them.

54. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 54 and therefore denies them.

55. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." At this time, Ericsson is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of paragraph 55 and therefore denies them.

56. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 56 and therefore denies them.

57. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 57 and therefore denies them.

58. At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and therefore denies them.

59. At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and therefore denies them.

60. At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and therefore denies them.

61. At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and therefore denies them.

## COUNT THREE

**(Alleged Infringement of U.S. Patent No. 8,325,675)**

62. Ericsson repeats its responses to paragraphs 1–61 above, as if fully set forth herein.

63. Ericsson admits that the document attached to the Complaint as Exhibit 3 purports to be the '675 patent, titled "Data Processing Method and System." Ericsson admits that the

document attached to the Complaint as Exhibit 3 bears an issue date of "Dec. 4, 2012" and lists as Assignee "Huawei Technologies Co., Ltd." The remainder of the allegations contained in paragraph 63 are denied.

64. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 64 and therefore denies them.

65. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 65 and therefore denies them.

66. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 66 and therefore denies them.

67. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 67 and therefore denies them.

68. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 68 and therefore denies them.

69. At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and therefore denies them.

70. At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore denies them.

71. At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 and therefore denies them.

72. At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 and therefore denies them.

## COUNT FOUR

**(Alleged Infringement of U.S. Patent No. 8,908,627)**

73. Ericsson repeats its responses to paragraphs 1–72 above, as if fully set forth herein.

74. Ericsson admits that the document attached to the Complaint as Exhibit 4 purports to be the'627 patent, titled "Data Processing Method and System." Ericsson admits that the document attached to the Complaint as Exhibit 4 bears an issue date of "Dec. 9, 2014" and lists as Assignee "Huawei Technologies Co., Ltd." The remainder of the allegations contained in paragraph 74 are denied.

75. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 75 and therefore denies them.

76. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." At this time, Ericsson is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of paragraph 76 and therefore denies them.

77. At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and therefore denies them.

78. At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 and therefore denies them.

79. Ericsson denies the allegation that T-Mobile's wireless networks constitute "Infringing Wireless Networks." At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 79 and therefore denies them.

80. At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 and therefore denies them.

81. At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 and therefore denies them.

82. At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 and therefore denies them.

83. At this time, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 and therefore denies them.

## ANSWER TO DEMAND FOR JURY TRIAL

84. This paragraph sets forth Huawei's demand for a trial by jury on all claims and issues so triable to which no response is required.

## ANSWER TO PRAYER FOR RELIEF

85. To the extent any response is required to any paragraph of Huawei's Prayer for Relief, Ericsson denies that Huawei is entitled to any of the requested relief and denies any

allegations of its Prayer for Relief as to Ericsson. Ericsson further denies each and every allegation in the Complaint to which it has not specifically responded.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Ericsson alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law and without reducing or removing Huawei's burden of proof on its affirmative claims against Ericsson, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to their responses above, Ericsson specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE

**(Non-Infringement)**

1. Ericsson equipment supplied to T-Mobile does not, alone or in combination, infringe any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents, nor is such equipment used in any infringement of any valid and enforceable claim.

### SECOND AFFIRMATIVE DEFENSE

**(Invalidity)**

2. The claims of the Asserted Patents are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and/or 116.

**THIRD AFFIRMATIVE DEFENSE**

**(Prosecution History Estoppel)**

3. Huawei is estopped, based on statements, representations, and admissions made during prosecution of the applications that led to the Asserted Patents, from asserting any interpretation of the claims of those patents that would be broad enough to cover any accused equipment or methods alleged to infringe those patents, either literally or under the doctrine of equivalents.

**FOURTH AFFIRMATIVE DEFENSE**

**(Equitable Defenses)**

4. Huawei's claims are barred, either whole or in part, by the doctrine of laches, waiver, estoppel, and/or unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Equitable Entitlement to Injunctive Relief)**

5. Huawei is not entitled to injunctive relief under any theory, including without limitation, because any alleged injury to Huawei is not immediate or irreparable, Huawei has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

**SIXTH AFFIRMATIVE DEFENSE**

**(Statutory Limitations on Damages)**

6. Any claim by Huawei for damages is limited by 35 U.S.C. §§ 252, 286, 287, or 307.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Willful Infringement)**

7. Huawei is not entitled to enhanced damages under 35 U.S.C. § 284 because Huawei has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Statutory Limitation)**

8. To the extent certain equipment accused of infringing the Asserted Patents are used by and/or manufactured for the United States Government, Huawei's claims involving Ericsson equipment supplied to T-Mobile with respect to such equipment may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

**NINTH AFFIRMATIVE DEFENSE**

**(Non-Compliance with SSO Undertakings and Obligations)**

9. Huawei's claims for relief are limited and/or barred, in whole or in part, by its undertakings and obligations to standards-setting organizations.

**TENTH AFFIRMATIVE DEFENSE**

**(Contractual Limitation on Damages - FRAND)**

10. Huawei's claims for monetary relief are limited by its obligation to license the Asserted Patents on fair, reasonable, and non-discriminatory terms.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Contractual Limitation on Damages - License)**

11. Huawei's claims for monetary relief are limited because Ericsson is licensed to the Asserted Patents.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

12. Huawei's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Patent Exhaustion/Implied License)**

13. Huawei's claims of patent infringement are barred by the doctrines of patent exhaustion and/or implied license because, by way of example, Ericsson and the customers or end users of Ericsson's equipment were authorized to make, use, sell, and/or offer to sell products embodying the asserted claims of the Asserted Patents under the terms of license agreements with Huawei.

Ericsson reserves the right to amend its Answer to add additional Affirmative Defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and equity (including but not limited to instances of inequitable conduct, unclean hands, patent misuse, and/or implied license) as they become known throughout the course of discovery in this case. Assertion of a defense is not a concession that Ericsson has the burden of proving the matter asserted.

Dated: December 16, 2016

Respectfully submitted,

*/s/ Phillip B. Philbin*

Phillip B. Philbin
LEAD ATTORNEY
State Bar No. 15909020
Jamie H. McDole
State Bar No. 24082049
Charles M. Jones II
State Bar No. 24054941
Michael D. Karson
State Bar No. 24090198
Hamilton C. Simpson
State Bar No. 24083862
HAYNES AND BOONE, LLP
2323 Victory Avenue
Suite 700
Dallas, Texas 75219
Tel.: (214) 651-5000
Fax: (214) 651-5940
Email: phillip.philbin@haynesboone.com
jamie.mcdole@haynesboone.com
charlie.jones@haynesboone.com
michael.karson@haynesboone.com
hamilton.simpson@haynesboone.com

***Attorneys for Movant-Intervenors Telefonaktiebolaget LM Ericsson and Ericsson Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2016, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system pursuant to Local Rule CV-5(a), which will automatically send email notification of such filing to all counsel of record.

*/s/ Phillip B. Philbin*
Phillip B. Philbin