**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **HUAWEI TECHNOLOGIES CO. LTD.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**T-MOBILE US, INC. and T-MOBILE USA, INC.,**<br><br>**Defendants,**<br><br>**NOKIA SOLUTIONS AND NETWORKS US LLC and NOKIA SOLUTIONS AND NETWORKS OY,**<br><br>**TELEFONAKTIEBOLAGET LM ERICSSON and ERICSSON INC.,**<br><br>**Intervenors.** | **Civil Action No. 2:16-cv-55-JRG-RSP**<br><br>**JURY TRIAL DEMANDED** |

**HUAWEI'S ANSWER TO T-MOBILE'S COUNTERCLAIMS**

Plaintiff Huawei Technologies Co. Ltd. ("Huawei") hereby responds to Defendants T-Mobile US, Inc. and T-Mobile USA, Inc. (collectively "T-Mobile" or "Defendant") Counterclaims to Huawei's Original Complaint for Patent Infringement ("Counterclaims"). Except as expressly admitted below, Huawei denies each and every allegation set forth in the Counterclaims.

Contrary to T-Mobile's mischaracterizations and allegations, Huawei is prepared to grant a license to Huawei's 4G essential patents – including the patents asserted here – on terms and conditions that are fair, reasonable, and non-discriminatory ("FRAND"). Indeed, despite T-Mobile's refusal to negotiate or enter into a non-disclosure agreement, Huawei voluntarily

provided to T-Mobile a detailed licensing offer for Huawei's 4G essential patents under FRAND terms. In addition to Huawei's FRAND offer, Huawei was prepared to submit to binding arbitration to resolve any disputes in finalizing license terms. To continue Huawei's showing of good faith, Huawei suggested – among other things – the arbitration hearing occur in the United States, as well as requesting a stay to Huawei's pending patent infringement suits against T-Mobile during the arbitration.

T-Mobile, on the other hand, has been unwilling to engage in any good faith license negotiations and is accordingly an unwilling licensee to Huawei's 4G essential patents. Instead, T-Mobile has resorted to mischaracterizations and allegations, which forced Huawei to bring a declaratory judgment action[1] asking this Court to find that Huawei's offer to T-Mobile satisfied Huawei's FRAND obligations to ETSI and the benefiting public. That finding by this Court will extinguish the FRAND-based allegations in T-Mobile's Counterclaims here.

Huawei further responds as follows:

## NATURE OF ACTION

1. Huawei admits that these Counterclaims arise from Huawei's allegations of infringement by T-Mobile of U.S. Patent Nos. 8,531,971 ("the '971 patent"), 8,798,575 ("the '575 patent"), 8,325,675 ("the '675 patent"), and 8,908,627 ("the '627 patent") (collectively, the "Asserted Patents"), and that Huawei is obliged to offer a license to these Asserted Patents under FRAND terms because of their essentiality to standards promulgated by ETSI. Huawei denies the remaining allegations and characterizations in paragraph 1 of the Counterclaims.

2. Denied.

[1] Civil Action No. 2:16-cv-00715-JRG-RSP.

3. Denied.

4. Huawei admits an actual case or controversy exists between the parties concerning the infringement, validity, and enforceability of one or more of the claims of the Asserted Patents.

## PARTIES

5. Huawei admits that T-Mobile claims to be a corporation organized under the laws of Delaware, having its principal place of business in Bellevue, Washington.

6. Huawei admits that it is a Chinese corporation with its principal place of business at Bantian, Longgang District, Shenzhen, People's Republic of China.

## JURISDICTION

7. As detailed in Huawei's pending Motion to Dismiss, the Court lacks subject matter jurisdiction in this action over Counterclaim Count 1, and the Court should decline to exercise its subject matter jurisdiction over Counterclaim Counts 2 and 3. Huawei admits that this Court has subject matter jurisdiction over T-Mobile's remaining Counterclaims under 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202.

8. For purposes of this action only, Huawei admits that it has subjected itself to personal jurisdiction with respect to this action by suing T-Mobile in this Court.

## VENUE

9. Huawei admits that venue is proper in this District pursuant to 28 U.S.C. § 1391.

10. With respect to this action only, Huawei admits that it has consented to venue in this Court by filing its claims for patent infringement in this Court.

## BACKGROUND

11. Huawei admits that T-Mobile is one of the largest wireless network operators in the United States. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 11 of the Counterclaims and therefore denies them.

12. Huawei admits that T-Mobile claims its cellular networks support certain cellular communication protocols that are incorporated into industry standards, and that these standards are created and publicly distributed by standard setting organizations ("SSOs").

13. To the extent that paragraph 13 contains conclusions of law, no response is necessary. Remaining allegations of paragraph 13 are too generalized, vague, and ambiguous to admit or deny. To the extent that a response is necessary, Huawei lacks sufficient knowledge or information to admit or deny the allegations and characterizations of paragraph 13, and on that basis denies each and every remaining one.

14. Denied.

15. Huawei admits that certain SSOs have adopted licensing commitments related to patents claimed to be essential to a standard and a requirement that patent holders claiming to have essential patents must timely disclose those patents to the SSO and commit to license them on FRAND terms and conditions. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 15 of the Counterclaims and therefore denies them.

### Response to "ETSI and its Intellectual Property Rights Policy"

16. Huawei admits ETSI purports to be an independent, non-profit SSO that produces

globally accepted standards for the telecommunications industry, that it has more than 750 members from 63 countries across five continents, and that it created or helped to create many telecommunication standards, including the 2G (e.g., GSM), 3G (e.g., WCDMA/UMTS), and 4G (e.g., LTE) cellular communication standards. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 16 of the Counterclaims and therefore denies them.

17. Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 17 of the Counterclaims and therefore denies them.

18. Huawei admits that ETSI has adopted an Intellectual Property Rights ("IPR") Policy, incorporated as Annex 6 of the ETSI Rules of Procedure, that it purports to be governed by the laws of France, and that it includes the statement that "[a]ny right granted to, and any obligation imposed on, a MEMBER which derives from French law and which are not already contained in the national or supranational law applicable to that MEMBER is to be understood as being of solely a contractual nature." Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 18 of the Counterclaims and therefore denies them.

19. Huawei admits the ETSI IPR Policy requests members to disclose patents and patent applications to ETSI and its members that believed to be or may become essential to an ETSI standard. Huawei admits the Director-General of the ETSI may request the member to submit an irrevocable undertaking confirming its willingness to license the IPRs it has disclosed on FRAND terms and conditions. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 19 of the

Counterclaims and therefore denies them.

20. Huawei admits that Clause 4.1 of the ETSI IPR Policy includes the block quoted text. Huawei denies all remaining allegations and characterizations in paragraph 20 of the Counterclaims.

21. The allegations of paragraph 21 are too generalized, vague, and ambiguous to admit or deny. To the extent that a response is necessary, Huawei lacks sufficient knowledge or information to admit or deny the allegations and characterizations of paragraph 21, and on that basis denies each and every remaining one.

22. Huawei admits that Clause 6.1 of the ETSI IPR Policy includes the block quoted text. Huawei denies all remaining allegations and characterizations in paragraph 22 of the Counterclaims.

23. Huawei admits that ETSI's IPR Policy purports to benefit all ETSI members, including IPR holders and other parties that sell, lease, use, operate or otherwise practice an ETSI standard. Huawei notes that Clause 3.2 also states that "IPR holders whether members of ETSI and their AFFILIATES or third parties, should be adequately and fairly rewarded for the use of their IPRs in the implementation of STANDARDS and TECHNICAL SPECIFICATIONS." Huawei denies all remaining allegations and characterizations in paragraph 23 of the Counterclaims.

24. The allegations of paragraph 24 are too generalized, vague, and ambiguous to admit or deny. To the extent that a response is necessary, Huawei lacks sufficient knowledge or information to admit or deny the allegations and characterizations of paragraph 24, and on that basis denies each and every remaining one.

25. Huawei admits that Deutsche Telekom AG is listed as a member, and notes that T-

Mobile Austria and T-Mobile Poland are also listed, but lacks sufficient knowledge or information to admit or deny the allegations and characterizations of paragraph 25, and on that basis denies each and every remaining one.

26. Huawei admits the allegations of paragraph 26 of the Counterclaims.

**Response to "Huawei's FRAND Commitments And The [Alleged] Consequences Of Those Commitments"**

27. Huawei admits the allegations of paragraph 27 of the Counterclaims.

28. Huawei admits that the declaration for U.S. Patent No. 8,325,675 was dated February 25, 2011 and was signed by Wang Xin. Huawei admits that the declarations submitted for U.S. Patent Nos. 8,531,971 and 8,798,575 were signed by Mengbin Wen and admits that the declaration submitted for U.S. Patent No. 8,798,575 was dated August 29, 2005. Huawei denies that the declaration submitted for U.S. Patent No. 8,531,971 was dated August 29, 2005, and note the declaration was instead submitted on April 29, 2005.

29. Huawei admits that Huawei committed to offer a license to the Asserted Patents on FRAND terms and conditions. The remaining allegations of paragraph 29 are too generalized, vague, and ambiguous to admit or deny. For example, Huawei is without knowledge or information sufficient to form a belief as to the truth of any unstated "certain consequences" therefore denies the remaining allegations and characterizations in paragraph 29 of the Counterclaims.

30. To the extent that paragraph 30 contains conclusions of law, no response is necessary. Huawei admits that it has made a commitment to offer a license to its essential patents on FRAND terms. The remaining allegations of paragraph 30 are too generalized, vague, and ambiguous to admit or deny. Huawei is without knowledge or information sufficient to form a

belief as to the truth of alleged statements – or T-Mobile's characterizations thereof – in "litigation with Interdigital in 2012" without further specificity and therefore denies all remaining allegations and characterizations in paragraph 30 of the Counterclaims.

31. To the extent that paragraph 31 contains conclusions of law, no response is necessary. Huawei denies that T-Mobile accurately characterizes the "2013 letter to the United States District Court for the District of Delaware," including T-Mobile's omission that the letter notes that injunctive relief has been recognized where "there has been an offer by the patent holder to arbitrate FRAND terms and the offer to arbitrate has been refused." Huawei is further without knowledge or information sufficient to form a belief as to the truth of alleged statements – or T-Mobile's characterizations thereof – in "January 2016 in litigation in the United Kingdom with Unwired Planet" without further specificity and therefore denies all remaining allegations and characterizations in paragraph 31 of the Counterclaims.

32. To the extent that paragraph 32 contains conclusions of law, no response is necessary. Huawei denies the characterization of the ETSI IPR Policy or limited excerpts from statements taken without context in various litigation. With respect to the contents of the ETSI IPR Policy, the document speaks for itself. Huawei admits that the block-quoted text are excerpts of statements made by Huawei in *Unwired Planet Int'l Ltd. v. Huawei Tech. Co. Ltd. et al*, Claim No. HP-2014-000005 (EWHC), but Huawei denies that the entirety of each statement has been reproduced and that T-Mobile is using each quote in context or that the implication is the one that T-Mobile intends to draw from it. Huawei denies all remaining allegations and characterizations in paragraph 32 of the Counterclaims.

**Response to Allegations of "Huawei's Untimely Disclosure To ETSI Of The Asserted Patents"**

33. Paragraph 33 contains conclusions of law, and no response is necessary. To the extent a response is necessary, Huawei denies T-Mobile's allegations and characterizations in paragraph 33 of the Counterclaims.

34. Huawei admits that it made technical proposals to ETSI and 3GPP that relate to technology standards, and that it declared to ETSI – years before bringing this action – that those patents are essential. Huawei denies all remaining allegations and characterizations in paragraph 34 of the Counterclaims.

**Response to "'971 Patent"**

35. Huawei admits the allegations of paragraph 35.

36. Huawei admits that it declared the '971 patent as essential to practicing 3GPP technical specifications 3GPP TS 23.125, which was developed by 3GPP working group SA2, that Huawei, represented by at least the named inventor of the '971 patent, participated in working group SA2 and the development of 3GPP TS 23.125. Huawei denies that TS 23.125 was frozen on December 16, 2004.

37. Huawei admits that it submitted an IPR declaration regarding the '971 patent family at least on April 29, 2005. Huawei denies all remaining allegations and characterizations in paragraph 37 of the Counterclaims.

**Response to "'575 Patent"**

38. Huawei admits the allegations of paragraph 38.

39. Huawei admits that it declared the '575 patent as essential to practicing 3GPP

technical specification 3GPP TS 23.125, which was developed by 3GPP working group SA2, and that at least the named inventors of the ’575 patent participated in working group SA2 and the development of 3GPP TS 23.125. Huawei denies that TS 23.125 was frozen on December 16, 2004.

40. Huawei admits that it submitted an IPR declaration regarding the ’575 patent family at least on August 29, 2005. Huawei denies all remaining allegations and characterizations in paragraph 40 of the Counterclaims.

**Response to “’675 Patent”**

41. Huawei admits the allegations of paragraph 41.

42. Huawei admits that it declared the ’675 patent as essential to practicing 3GPP technical specification 3GPP TS 23.401, which was developed by 3GPP working group SA2, and that at least one named inventor of the ’675 patent participated in working group SA2 and the development of 3GPP TS 23.401. Huawei denies that TS 23.401 was frozen on December 11, 2008.

43. Huawei admits that it submitted an IPR declaration regarding the ’675 patent family at least on February 25, 2011. Huawei denies all remaining allegations and characterizations in paragraph 43 of the Counterclaims.

**Response to “’627 Patent”**

44. Huawei admits that on November 8, 2012, Huawei filed U.S. patent application 13/672,307, which issued on December 9, 2014 as U.S. Patent No. 8,908,627. Huawei admits the ’627 patent claims priority to Chinese Patent Application No. 200610115381 filed on August 15, 2006. Huawei admits the ’627 patent is a continuation of PCT Application No.

PCT/CN2007/070384 filed on July 30, 2007 and the ’675 patent. Huawei admits the ’627 patent lists Wenfu Wu and Weihua Hu as the named inventors. The allegation that the ’627 patent “covers the same subject matter as the ’675 patent” is too generalized, vague, and ambiguous to admit or deny, and therefore Huawei denies it and all remaining allegations and characterizations in paragraph of 44 of the Counterclaims.

45. Huawei admits that it declared the ’627 patent as essential to practicing 3GPP technical specification 3GPP TS 23.401, which was developed by 3GPP working group SA2, and that at least one named inventor of the ’627 patent participated in working group SA2 and the development of 3GPP TS 23.401. Huawei denies that TS 23.401 was frozen on December 11, 2008.

46. Huawei admits that it submitted an IPR declaration regarding the ’627 patent family at least on February 25, 2011. Huawei denies all remaining allegations and characterizations in paragraph 46 of the Counterclaims.

**Response to Allegations of “Patents That Are Actually Essential To Standards Provide Monopoly Power In Input Technology Markets for Standardized Functionalities”**

47. Huawei admits that each cellular standard developed by ETSI or 3GPP consists of many different technologies that perform a variety of functions. Huawei denies all remaining allegations and characterizations in paragraph 47 of the Counterclaims.

48. Huawei admits that ETSI and 3GPP participants evaluate whether to standardize particular proposed functionalities in the process of developing cellular specifications and standards. Huawei denies all remaining allegations and characterizations in paragraph 48 of the Counterclaims.

49. The allegations of paragraph 49 are too generalized, vague, and ambiguous to admit

or deny. To the extent that a response is necessary, Huawei lacks sufficient knowledge or information to admit or deny the allegations and characterizations of paragraph 49, and on that basis denies each and every remaining one.

50. To the extent that paragraph 50 contains conclusions of law, no response is necessary. Remaining allegations of paragraph 50 are too generalized, vague, and ambiguous to admit or deny. To the extent that a response is necessary, Huawei lacks sufficient knowledge or information to admit or deny the allegations and characterizations of paragraph 50, and on that basis denies each and every remaining one.

51. To the extent that paragraph 51 contains conclusions of law, no response is necessary. Remaining allegations of paragraph 51 are too generalized, vague, and ambiguous to admit or deny. To the extent that a response is necessary, Huawei lacks sufficient knowledge or information to admit or deny the allegations and characterizations of paragraph 51, and on that basis denies each and every remaining one.

52. Huawei admits that cellular standards are employed throughout the world. To the extent that paragraph 52 contains conclusions of law, no response is necessary. To the extent that a response is necessary, Huawei denies all remaining allegations and characterizations in paragraph 52 of the Counterclaims.

53. To the extent that paragraph 53 contains conclusions of law, no response is necessary. Remaining allegations of paragraph 53 are too generalized, vague, and ambiguous to admit or deny. To the extent that a response is necessary, Huawei lacks sufficient knowledge or information to admit or deny the allegations and characterizations of paragraph 53, and on that basis denies each and every remaining one.

54. To the extent that paragraph 54 contains conclusions of law, no response is

necessary. Remaining allegations of paragraph 54 are too generalized, vague, and ambiguous to admit or deny. To the extent that a response is necessary, Huawei lacks sufficient knowledge or information to admit or deny the allegations and characterizations of paragraph 54, and on that basis denies each and every remaining one.

55. Huawei admits it holds "hundreds of standard essential patents and implementation patents in the United States and Europe," it owned over 41,000 issued patents in jurisdictions around the world as of the filing date of this Complaint, and that it filed four actions against T-Mobile because of T-Mobile's widespread infringement, but expressly denies that these filings occurring on the same date were "serial." Huawei admits that in those actions it requested the Court to "[p]ermanently enjoin T-Mobile from further infringement or alternatively, award an ongoing royalty for T-Mobile's post-verdict infringement." To the extent that paragraph 55 contains conclusions of law, no response is necessary. Remaining allegations of paragraph 55 are too generalized, vague, and ambiguous to admit or deny. To the extent that a response is necessary, Huawei denies all remaining allegations and characterizations in paragraph 55 of the Counterclaims.

**Response to Allegations of "Huawei's Theft of T-Mobile's Proprietary Robot Technology and Huawei's Retaliatory Non-FRAND Licensing Demand"**

56. To the extent that paragraph 56 contains conclusions of law, no response is necessary. Huawei admits that on May 5, 2014, T-Mobile sent Huawei Device USA – not Plaintiff Huawei – a letter. Remaining allegations of paragraph 56 are too generalized, vague, and ambiguous to admit or deny. To the extent that a response is necessary, Huawei denies all remaining allegations and characterizations in paragraph 56 of the Counterclaims.

57. Huawei is without knowledge or information sufficient to form a belief as to the

truth of the allegations and characterizations in paragraph 57 of the Counterclaims and therefore denies them.

58. Huawei admits that Huawei Device USA – not Plaintiff Huawei – supplied handsets to T-Mobile. Huawei denies that Plaintiff Huawei was ever subject to supposed "strict limitations" and denies any employees of Plaintiff Huawei ever visited the facilities for "Tappy." Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 58 of the Counterclaims and therefore denies them.

59. Huawei denies the allegations of paragraph 59, including denying that any employees of Plaintiff Huawei ever visited the facilities for – or otherwise had access to – "Tappy."

60. Huawei admits that on June 6, 2014, it sent a letter advising T-Mobile that Huawei was carrying out a Licensing Program in EPC/IMS field. Huawei admits that the letter stated: "We appreciate an opportunity to present our patents and additional information to you, upon the signature of a mutual non-disclosure agreement." Huawei denies that this was a response to a letter sent May 5, 2014 to Huawei Device USA. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 60 of the Counterclaims and therefore denies them.

61. Huawei admits that by its letter of June 23, 2014, T-Mobile refused to sign the mutual non-disclosure agreement and rejected the idea of exchanging information under the mutual non-disclosure agreement. As to the remaining contents of the letter, the document speaks for itself. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 61 of the Counterclaims and therefore denies them.

62. Huawei admits that it responded in a letter dated June 29, 2014, that it was "willing

to provide more information demonstrating the value of our patents once a NDA is entered."

63. Huawei admits that on September 2, 2014, T-Mobile filed a complaint in the District Court for the Western District of Washington, to which Huawei Device provided a number of defenses and even obtained dismissal of several of claims. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 63 of the Counterclaims and therefore denies them.

64. Huawei admits that by letter dated September 3, 2014, T-Mobile responded to Huawei's June 29, 2014 letter. As to the contents of the letter, the document speaks for itself. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 64 of the Counterclaims and therefore denies them.

65. Huawei admits that on January 16, 2016 it sent a letter to T-Mobile in order to provide "courtesy copies of four complaints for patent infringement" filed in this Court the day before. Huawei denies all remaining allegations and characterizations in paragraph 65 of the Counterclaims, specifically including T-Mobile's incorrect allegation that "[n]o FRAND offer from Huawei was forthcoming."

**Response to Allegations of "Huawei's Unlawful Attempts to Enjoin T-Mobile"**

66. Huawei admits that on January 15, 2016, it filed this action, along with three others, asserting infringement of a total of fourteen patents against T-Mobile. Huawei admits that it pleaded that T-Mobile was an unwilling licensee and it requested the Court to "[p]ermanently enjoin T-Mobile from further infringement or alternatively, award an ongoing royalty for T-Mobile's post-verdict infringement." Huawei denies all remaining allegations and characterizations in paragraph 66 of the Counterclaims.

67. To the extent that paragraph 67 contains conclusions of law, no response is necessary. Huawei admits that on January 15, 2016, it filed this action, along with three others, asserting infringement of a total of fourteen patents against T-Mobile. Huawei admits that it pleaded that T-Mobile was an unwilling licensee and it requested the Court to "[p]ermanently enjoin T-Mobile from further infringement or alternatively, award an ongoing royalty for T-Mobile's post-verdict infringement." Remaining allegations of paragraph 67 are too generalized, vague, and ambiguous to admit or deny. To the extent that a response is necessary, Huawei denies all remaining allegations and characterizations in paragraph 67 of the Counterclaims.

68. Denied.

69. To the extent that paragraph 69 contains conclusions of law, no response is necessary. To the extent that a response is necessary, Huawei denies all remaining allegations and characterizations in paragraph 69 of the Counterclaims.

70. Huawei is without knowledge or information sufficient to form a belief as to the truth of alleged statements in "a 2013 submission to the U.S. International Trade Commission" without further specificity and denies all remaining allegations and characterizations in paragraph 70 of the Counterclaims.

**Response to Allegations of "Huawei and T-Mobile's Post-Litigation Communications and Huawei's Unlawful Portfolio Only Licensing Scheme"**

71. Huawei admits T-Mobile refused to negotiate with respect to Huawei's FRAND Offer of April, 2016, and instead repeatedly demanded FRAND rates for individual asserted patents out of Huawei's large portfolio. Huawei denies all remaining allegations and characterizations in paragraph 71 of the Counterclaims.

72. Huawei admits that on April 1, 2016, it offered a license to T-Mobile to all of

Huawei's 4G LTE essential patents on FRAND terms, which include a request that Huawei be adequately and fairly rewarded for T-Mobile's past use of Huawei's IPR and without the need for continued unlicensed infringement by T-Mobile of the many remaining patents. Huawei denies all remaining allegations and characterizations in paragraph 72 of the Counterclaims.

73. Huawei admits that on April 1, 2016, it offered a license to T-Mobile to Huawei's 4G LTE essential patents on FRAND terms even though T-Mobile refused to enter into a mutually beneficial NDA. Huawei denies all remaining allegations and characterizations in paragraph 73 of the Counterclaims.

74. Denied.

**Response to Allegations that "Huawei Has Engaged In An Unlawful Double-Recovery Scheme"**

75. Huawei admits that Ericsson has intervened in this case and in court filings Ericsson stated "Huawei seeks an injunction and monetary damages based on allegations that appear directed, at least in part, to equipment supplied to T-Mobile by Ericsson." Huawei is without knowledge or information sufficient to form a belief as the remaining allegations and therefore denies all remaining allegations and characterizations in paragraph 75 of the Counterclaims.

76. Huawei admits that on January 14, 2016, Huawei and Ericsson submitted a joint press release that stated "The agreement includes a cross license that covers patents relating to both companies' wireless standard-essential patents (including the GSM, UMTS and LTE cellular standards). Under the agreement, both companies are able to access and implement the other company's standard essential patents and technologies globally."

77. To the extent that paragraph 77 contains conclusions of law, no response is necessary. Huawei admits that it has authorized Ericsson to sell network equipment that embodies

Huawei's declared SEPs through its license agreement. Huawei denies all remaining allegations and characterizations in paragraph 77 of the Counterclaims.

78. Huawei admits that Nokia has intervened in this case and in court filings Nokia stated that Huawei "sued T-Mobile US, Inc. and T-Mobile USA, Inc. (collectively, 'T-Mobile'), one of NSN US's largest customers" and "NSN US provides T-Mobile with many types of network equipment that Huawei Technologies identifies in its complaint, including HSSs, MMEs, SGSNs, RNCs, and eNodeBs." Huawei is without knowledge or information sufficient to form a belief as the remaining allegations and therefore denies all remaining allegations and characterizations in paragraph 78 of the Counterclaims.

79. Huawei admits that Nokia had a license, but now expired, to Huawei patents and the license document speaks for itself. Huawei is without knowledge or information sufficient to form a belief as to the allegations and characterizations in paragraph 79 of the Counterclaims and therefore denies them.

80. To the extent that paragraph 80 contains conclusions of law, no response is necessary. Remaining allegations of paragraph 80 are too generalized, vague, and ambiguous to admit or deny. To the extent that a response is necessary, Huawei denies all remaining allegations and characterizations in paragraph 80 of the Counterclaims.

81. To the extent that paragraph 81 contains conclusions of law, no response is necessary. Remaining allegations of paragraph 81 are too generalized, vague, and ambiguous to admit or deny. To the extent that a response is necessary, Huawei denies all remaining allegations and characterizations in paragraph 81 of the Counterclaims.

82. The allegations of paragraph 82 are too generalized, vague, and ambiguous to admit or deny. To the extent that a response is necessary, Huawei denies all remaining allegations and

characterizations in paragraph 82 of the Counterclaims.

**Response to Allegations of "The Federal Trade Commission's Enforcement Actions For SSO Misconduct"**

83. To the extent that paragraph 83 contains conclusions of law, no response is necessary. Remaining allegations of paragraph 83 are too generalized, vague, and ambiguous to admit or deny. To the extent that a response is necessary, Huawei denies all remaining allegations and characterizations in paragraph 83 of the Counterclaims.

84. To the extent that paragraph 84 contains conclusions of law, no response is necessary. Huawei is without knowledge or information sufficient to form a belief as to the allegations and characterizations in paragraph 84 of the Counterclaims without further specificity and therefore denies them.

85. To the extent that paragraph 85 contains conclusions of law, no response is necessary. Huawei is without knowledge or information sufficient to form a belief as to the allegations and characterizations in paragraph 85 of the Counterclaims without further specificity and therefore denies them.

86. To the extent that paragraph 86 contains conclusions of law, no response is necessary. Huawei is without knowledge or information sufficient to form a belief as to the allegations and characterizations in paragraph 86 of the Counterclaims without further specificity and therefore denies them.

87. To the extent that paragraph 87 contains conclusions of law, no response is necessary. Huawei is without knowledge or information sufficient to form a belief as to the allegations and characterizations in paragraph 87 of the Counterclaims without further specificity and therefore denies them.

88. To the extent that paragraph 88 contains conclusions of law, no response is necessary. Huawei is without knowledge or information sufficient to form a belief as to the allegations and characterizations in paragraph 88 of the Counterclaims without further specificity and therefore denies them.

**Response to Allegations Concerning "The Anticompetitive Effects of Huawei's Abusive Licensing Conduct"**

89. To the extent that paragraph 89 contains conclusions of law, no response is necessary. Remaining allegations of paragraph 89 are too generalized, vague, and ambiguous to admit or deny. To the extent that a response is necessary, Huawei denies all remaining allegations and characterizations in paragraph 89 of the Counterclaims.

90. To the extent that paragraph 90 contains conclusions of law, no response is necessary. Huawei admits that on April 1, 2016, it offered a license to T-Mobile to all of Huawei's 4G LTE essential patents on FRAND terms. Remaining allegations of paragraph 90 are too generalized, vague, and ambiguous to admit or deny. To the extent that a response is necessary, Huawei denies all remaining allegations and characterizations in paragraph 90 of the Counterclaims.

91. To the extent that paragraph 91 contains conclusions of law, no response is necessary. Remaining allegations of paragraph 91 are too generalized, vague, and ambiguous to admit or deny. To the extent that a response is necessary, Huawei denies all remaining allegations and characterizations in paragraph 91 of the Counterclaims.

## RESPONSE TO FIRST COUNT

**(Alleged Breach of Contract – FRAND and Other Alleged Standard-Related Misconduct)**

92. Huawei incorporates its responses to paragraphs 1-91 as if fully set forth herein.

93. Denied.

94. Huawei admits that it entered into commitments with ETSI obligating it to be prepared to grant an irrevocable license, including to T-Mobile and to others of the benefiting public, to its declared-essential patents on FRAND terms and conditions consistent with the ETSI IPR Policy. Huawei denies all remaining allegations and characterizations in paragraph 94 of the Counterclaims.

95. Denied.

96. Denied.

97. Denied.

**RESPONSE TO SECOND COUNT**

**(Alleged Violation of Texas Unfair Competition Law)**

98. Huawei incorporates its responses to paragraphs 1-97 as if fully set forth herein.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

**RESPONSE TO THIRD COUNT**

**(Alleged Violation of Washington Consumer Protection Act)**

103. Huawei incorporates its responses to paragraphs 1-102 as if fully set forth herein.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

**RESPONSE TO FOURTH COUNT**

**(Declaratory Judgment of [Alleged] Non-Infringement of U.S. Patent No. 8,531,971)**

108. Huawei incorporates its responses to paragraphs 1-107 as if fully set forth herein.

109. Denied.

110. Huawei admits that in paragraph 42 of its Complaint, it has alleged that "T-Mobile has directly infringed at least claims 1 and 5 of the '971 patent."

111. Huawei admits that there exists a substantial immediacy and reality to warrant the issuance of a declaratory judgment as to whether T-Mobile infringes any valid claim of the '971 patent, but denies that T-Mobile is entitled to any relief.

112. Denied.

113. Denied.

**RESPONSE TO FIFTH COUNT**

**(Declaratory Judgment of [Alleged] Invalidity of U.S. Patent No. 8,531,971)**

114. Huawei incorporates its responses to paragraphs 1-113 as if fully set forth herein.

115. Denied.

116. Huawei admits that in paragraph 41 of its Complaint, Huawei has alleged that the '971 patent is valid.

117. Huawei admits that there exists a substantial controversy of sufficient immediacy

and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the ’971 patent are valid, but denies that T-Mobile is entitled to any relief.

118. Denied.

**RESPONSE TO SIXTH COUNT**

**(Declaratory Judgment of [Alleged] Non-Infringement of U.S. Patent No. 8,798,575)**

119. Huawei incorporates its responses to paragraphs 1-118 as if fully set forth herein.

120. Denied.

121. Huawei admits that in paragraph 53 of its Complaint, it has alleged that “T-Mobile has directly infringed at least claims 1 and 8 of the ’575 patent.”

122. Huawei admits that there exists a substantial immediacy and reality to warrant the issuance of a declaratory judgment as to whether T-Mobile infringes any valid claim of the ’575 patent, but denies that T-Mobile is entitled to any relief.

123. Denied.

124. Denied.

**RESPONSE TO SEVENTH COUNT**

**(Declaratory Judgment of [Alleged] Invalidity of U.S. Patent No. 8,798,575)**

125. Huawei incorporates its responses to paragraphs 1-124 as if fully set forth herein.

126. Denied.

127. Huawei admits that in paragraph 52 of its Complaint, Huawei has alleged that the ’575 patent is valid.

128. Huawei admits that there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of

the ’575 patent are valid, but denies that T-Mobile is entitled to any relief.

129. Denied.

**RESPONSE TO EIGHTH COUNT**

**(Declaratory Judgment of [Alleged] Non-Infringement of U.S. Patent No. 8,325,675)**

130. Huawei incorporates its responses to paragraphs 1-129 as if fully set forth herein.

131. Denied.

132. Huawei admits that in paragraph 64 of its Complaint, it has alleged that “T-Mobile has directly infringed at least claims 1 and 6 of the ’675 patent.”

133. Huawei admits that there exists a substantial immediacy and reality to warrant the issuance of a declaratory judgment as to whether T-Mobile infringes any valid claim of the ’675 patent, but denies that T-Mobile is entitled to any relief.

134. Denied.

135. Denied.

**RESPONSE TO NINTH COUNT**

**(Declaratory Judgment of [Alleged] Invalidity of U.S. Patent No. 8,325,675)**

136. Huawei incorporates its responses to paragraphs 1-135 as if fully set forth herein.

137. Denied.

138. Huawei admits that in paragraph 63 of its Complaint, Huawei has alleged that the ’675 patent is valid.

139. Huawei admits that there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the ’675 patent are valid, but denies that T-Mobile is entitled to any relief.

140. Denied.

## RESPONSE TO TENTH COUNT

**(Declaratory Judgment of [Alleged] Non-Infringement of U.S. Patent No. 8,908,627)**

141. Huawei incorporates its responses to paragraphs 1-140 as if fully set forth herein.

142. Denied.

143. Huawei admits that in paragraph 75 of its Complaint, it has alleged that "T-Mobile has directly infringed at least claims 1, 4, and 7 of the '627 patent."

144. Huawei admits that there exists a substantial immediacy and reality to warrant the issuance of a declaratory judgment as to whether T-Mobile infringes any valid claim of the '627 patent, but denies that T-Mobile is entitled to any relief.

145. Denied.

146. Denied.

## RESPONSE TO ELEVENTH COUNT

**(Declaratory Judgment of [Alleged] Invalidity of U.S. Patent No. 8,908,627)**

147. Huawei incorporates its responses to paragraphs 1-146 as if fully set forth herein.

148. Denied.

149. Huawei admits that in paragraph 74 of its Complaint, Huawei has alleged that the '627 patent is valid.

150. Huawei admits that there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '627 patent are valid, but denies that T-Mobile is entitled to any relief.

151. Denied.

## RESPONSE TO T-MOBILE'S PRAYER FOR RELIEF

152. Huawei denies that T-Mobile is entitled to any relief, and specifically denies all of the allegations and prayers for relief contained in paragraph 152 of T-Mobile's Prayer for Relief.

## DEMAND FOR JURY TRIAL

153. Huawei hereby demands trial by jury on all claims and issues so triable.

## DEFENSES

### First Affirmative Defense

154. Each cause of action set forth in T-Mobile's Counterclaims fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

155. Each cause of action set forth in T-Mobile's Counterclaims is barred, in whole or in part, by the equitable defenses of estoppel, waiver, laches, and/or unclean hands.

### Third Affirmative Defense

156. T-Mobile's First cause of action is barred, in whole or in part, because Huawei's obligations to be prepared to offer a license on FRAND terms has been substantially performed in accordance with existing law and recognized industry practice.

### Fourth Affirmative Defense

157. T-Mobile's Second and Third causes of action are barred, in whole or in part, because Huawei was justified or excused in its actions.

### Fifth Affirmative Defense

158. Federal law preempts T-Mobile's Second and Third causes of action.

**Sixth Affirmative Defense**

159. T-Mobile's Second and Third causes of action are barred, in whole or in part, by the *Noerr-Pennington* doctrine.

**Seventh Affirmative Defense**

160. To the extent T-Mobile's Second and Third causes of action rely on any events, allegations, or claims occurring outside the applicable statute of limitations, those causes of actions are barred.

Dated: January 11, 2017

Respectfully submitted,

By: */s/ Jane Du*

Ruffin Cordell
Texas Bar No. 04820550
cordell@fr.com
Linda Kordziel
DC Bar No. 446386
kordziel@fr.com
**FISH & RICHARDSON P.C.**
1425 K Street, N.W., 11th Floor
Washington, D.C. 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Carl E. Bruce
Texas Bar No. 24036278
bruce@fr.com
David B. Conrad
Texas Bar No. 24049042
conrad@fr.com
Jane Du
Texas Bar No. 24076355
du@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

David Barkan
California Bar No. 160825
barkan@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Kevin Su
Massachusetts Bar No. 663726
su@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

**COUNSEL FOR PLAINTIFF HUAWEI TECHNOLOGIES CO. LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on January 11, 2017 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Jane Du*
Jane Du