**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **HUAWEI TECHNOLOGIES CO. LTD.,**<br><br>    Plaintiff,<br><br>v.<br><br>**T-MOBILE US, INC. and<br>T-MOBILE USA, INC.,**<br><br>    Defendants,<br><br>**NOKIA SOLUTIONS AND NETWORKS<br>US LLC, NOKIA SOLUTIONS AND<br>NETWORKS OY,<br>TELEFONAKTIEBOLAGET LM<br>ERICSSON, and ERICSSON INC.,**<br><br>    Intervenors. | No. 2:16-cv-00055-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**SUR-REPLY IN OPPOSITION TO HUAWEI'S MOTION TO
STRIKE PORTIONS OF DR. LYON'S REPORTS (DKT. 243)**

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Core Wireless Licensing, S.A.R.L. v. LG Electronics, Inc.*,
    2016 WL 3655302 (E.D. Tex. Mar. 21, 2016) ............................................................................2

*iFLY Holdings LLC v. Indoor Skydiving Germany GmbH*,
    2016 WL 3680064 (E.D. Tex. Mar. 24, 2016) ............................................................................1

*Lectec Corp. v. Chattem, Inc.*,
    2011 WL 13086026 (E.D. Tex. Jan. 4, 2011)..............................................................................1

*Pozen Inc. v. Par Pharma., Inc.*,
    2010 WL 11431483 (E.D. Tex. Jun. 8, 2010)..............................................................................1

*Ziilabs, Inc. v. Samsung Elecs., Co.*,
    2015 WL 7303352 (E.D. Tex. Aug. 25, 2015) .......................................................................1, 2

## INTRODUCTION

Huawei's reply fails to address the overwhelming case law permitting use of prior art references as background or as evidence of state of the art, regardless of their inclusion in P.R. 3-3 contentions. And, given the disclosure of Nortel S2-062190 in the contentions and interrogatory responses, Huawei also fails to allege any prejudice for what it alleges is a procedural misstep. There is simply no reason to preclude this relevant, timely disclosed evidence and testimony. Accordingly, Huawei's motion should be denied.

### I. HUAWEI DOES NOT CONTEST THE CASE LAW PERMITTING USE OF REFERENCES AS BACKGROUND.

Huawei does not even address the case law cited in Defendants and Intervenors' Opposition establishing that P.R. 3-3 does not constrain the use of prior art references as background or to describe the state of the art. *See* Opp. 2–3; Reply 4–5; *Ziilabs, Inc. v. Samsung Elecs., Co.*, No. 2:14-cv-203, Dkt. No. 368, 2015 WL 7303352, at *2 (E.D. Tex. Aug. 25, 2015); *see also iFLY Holdings LLC v. Indoor Skydiving Germany GmbH*, No. 2:14-cv-1080, No. 227, 2016 WL 3680064, at *2 (E.D. Tex. Mar. 24, 2016); *Pozen Inc. v. Par Pharma., Inc.*, No. 6:08-cv-437, No. 245, 2010 WL 11431483, at *8 (E.D. Tex. Jun. 8, 2010); *Lectec Corp. v. Chattem, Inc.*, No. 5:08-cv-130, Dkt. No. 324, 2011 WL 13086026, at *8 (E.D. Tex. Jan. 4, 2011). Defendants intend to use both references, Nortel S2-062190 and Siemens S2-043762, during Dr. Lyon's testimony of the background, state of the art, and knowledge of a person of ordinary skill in the art at the time of the alleged conception as is proper under the rules and cited cases. Huawei does not provide any support for its attempt to preclude Dr. Lyon from offering such testimony because, as demonstrated, there is simply no support.

## II. HUAWEI DOES NOT ALLEGE ANY PREJUDICE AT ALL.

Huawei does not even feign prejudice regarding Dr. Lyon's use of the Nortel S2-062190 reference in his invalidity combination (Reply 5). Tellingly, Huawei drops its allegation that it had "no notice of T-Mobile's and Nokia's invalidity theory regarding the Nortel S2-062190 proposal" (Mot. 5), because Huawei received notice in Defendants and Intervenors' Invalidity Contentions (Opp. 5). Further, Huawei does not dispute that it received notice of Defendants and Intervenors' specific invalidity theories regarding Nortel S2-062190 when served with *inter partes* review petitions in January 2017 (Opp. 5–6), and then supplemented interrogatory responses to cite to those IPR petitions. This Court has addressed a similar issue before, and found that an *inter partes* review petition *did* provide sufficient notice to the plaintiff of the defendant's invalidity theories. *Core Wireless Licensing, S.A.R.L. v. LG Electronics, Inc.*, No. 2:14-cv-911, Dkt. No. 421, 2016 WL 3655302, at *2–3 (E.D. Tex. Mar. 21, 2016). Notably, in *Core Wireless* the defendant did not even identify the references in its invalidity contentions, whereas here there is no dispute that Defendants and Intervenors did just that (Opp. 5). Huawei cannot demonstrate prejudice as to invalidity theories regarding Nortel S2-062190 because it was explicitly identified in Invalidity Contentions and the primary reference in *inter partes* review petitions (Opp. 5–6).

## III. PARAGRAPHS 211–214 HAVE BEEN WITHDRAWN.

As mentioned previously, Defendants and Intervenors withdrew paragraphs 211–214 of Dr. Lyon's '575/'971 invalidity report (Opp. 6). Accordingly, Huawei's objections to Dr. Lyon's use of Siemens S2-043762 as background are moot. *Ziilabs*, 2015 WL 7303352 at *2.

## CONCLUSION

For the reasons set forth above and discussed in Defendants and Intervenors' Opposition, Huawei's motion should be denied as to section IX.A.ii (paragraphs 157–59) and Exhibit 13 of

Dr. Lyon's '575/'971 invalidity report and denied entirely as to Dr. Lyon's '675/'627 invalidity report.

| | |
|---|---|
| Dated: August 18, 2017 | By: /s/ Mark D. Selwyn |

Mark D. Selwyn
(California Bar No. 244180)
Kathryn D. Zalewski
(California Bar No. 263119)
**WILMER CUTLER PICKERING
 HALE AND DORR LLP**
950 Page Mill Road
Palo Alto, California 94304
(650) 858-6000

Joseph J. Mueller
(Massachusetts Bar No. 647567)
Cynthia Vreeland
(Texas Bar No. 20625150
Massachusetts Bar No. 635143)
**WILMER CUTLER PICKERING
 HALE AND DORR LLP**
60 State Street
Boston, MA 02109
(617) 526-6000

Josh A. Krevitt (New York Bar No. 2568228)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue, 47th Floor
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

Mark N. Reiter (Texas Bar No. 16759900)
**GIBSON, DUNN & CRUTCHER LLP**
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Tel: (214) 698-3100
Fax: (214) 571-2900

Ernest Y. Hsin (California Bar No. 201668)
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street
San Francisco, CA 94105-0921

Tel: (415) 393-8224
Fax: (415) 374-8436

Stuart M. Rosenberg
(California Bar No. 239926)
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel: (650) 849-5389
Fax: (650) 849-5089

Michael E. Jones
Texas Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
Texas Bar No. 00785097
glennthames@potterminton.com
**POTTER MINTON, PC**
110 North College Ave., Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846

*Counsel for Defendants T-Mobile US, Inc. and T-Mobile USA, Inc.*


/s/ John D. Haynes
John D. Haynes (GA Bar No. 340599)
Patrick J. Flinn (GA Bar No. 264540)
Michael C. Deane (GA Bar No. 498195)
**ALSTON & BIRD LLP**
1201 W. Peachtree St.
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: John.Haynes@alston.com
Email: Patrick.Flinn@alston.com
Email: Michael.Deane@alston.com

Michael J. Newton (TX Bar No. 24003844)
**ALSTON & BIRD LLP**
2800 N. Harwood St., Suite 1800
Dallas, Texas 75201
Telephone: (214) 922-3400

Facsimile: (214) 922-3899
Email: Mike.Newton@alston.com
Email: Derek.Neilson@alston.com

M. Scott Stevens (NC Bar No. 37828)
Ross R. Barton (NC Bar No. 37179)
**ALSTON & BIRD LLP**
Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
Email: Scott.Stevens@alston.com
Email: Ross.Barton@alston.com

Deron R. Dacus (Texas State Bar No. 790553)
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite
430 Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543

*Counsel for Intervenors*
*Nokia Solutions and Networks US LLC and*
*Nokia Solutions and Networks Oy*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record via the Court's CM/ECF system per Local Rule CV-5(a)(3), on August 18, 2017.

Dated: August 18, 2017

/s/ John D. Haynes
John D. Haynes