# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **HUAWEI TECHNOLOGIES CO. LTD.,** | |
| **Plaintiff,** | **No. 2:16-cv-00052-JRG-RSP** |
| | **No. 2:16-cv-00055-JRG-RSP** |
| **v.** | **No. 2:16-cv-00056-JRG-RSP** |
| | **No. 2:16-cv-00057-JRG-RSP** |
| **T-MOBILE US, INC. and** | |
| **T-MOBILE USA, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendants,** | |
| **NOKIA SOLUTIONS AND NETWORKS US LLC, NOKIA SOLUTIONS AND NETWORKS OY, TELEFONAKTIEBOLAGET LM ERICSSON, and ERICSSON INC.,** | |
| **Intervenors.** | |

**DEFENDANTS' AND INTERVENORS' MOTION
TO PRECLUDE HUAWEI FROM CONTESTING FACTS PROVIDED
IN ITS JUNE 30, 2017 AMENDED PRIVILEGE LOG**

**Introduction**

This motion is necessary because Huawei has taken the bizarre and legally untenable position that it should not be bound by the information it provided in response to an order of this Court.  Specifically, on June 16, 2017, this Court ordered Huawei to provide the dates of Huawei's first internal communications conveying a non-lawyer's belief that an alleged invention might be essential to a standard, and ordered Huawei to do so in an amended privilege log.  As the Court is aware, the dates of such communications are indisputably relevant to whether Huawei breached its timely disclosure obligations under Clause 4.1 of the ETSI Intellectual Property Rights (IPR) Policy.  Huawei refused to answer T-Mobile's discovery on this topic—in interrogatory responses, documents, or at its 30(b)(6) deposition—and ultimately claimed privilege over all communications regarding essentiality, including even the *dates* of such communications. T-Mobile moved to compel, and at the hearing, the Court ruled that Huawei must provide at least the *dates* Huawei's non-lawyers first communicated a belief that the alleged inventions might be standard-essential.  In response, Huawei served an amended privilege log that included dates of communications regarding essentiality (Huawei continues to withhold all other information regarding the communications).

Now, a month before trial, Huawei has refused to stipulate in the pretrial order to the very information it provided in its privilege log—using virtually the exact same language as in the log—as to the earliest dates Huawei had any communications regarding essentiality.  The *only* justification Huawei provided for not stipulating to the facts it provided in its own privilege log was that Huawei claims it should not be bound by facts it provided in a *log*, rather than a *discovery response*.  That claim is nonsensical:  Huawei provided the dates in response to a court order, and it is bound by those dates, whether they appear in a privilege log or an interrogatory response.

In addition, Huawei also has refused to stipulate that the dates it provided were the dates when Huawei employees first believed that the alleged inventions might be standard-essential. Huawei's *only* justification for refusing these stipulations was that the privilege log supposedly does not provide that information. But Huawei should be precluded from challenging the dates in its log as the dates Huawei employees first believed that their alleged inventions might be standard-essential. That is precisely the non-privileged information T-Mobile sought *and the Court ordered*. To the extent Huawei claims its log does not provide that information, Huawei violated the Court's order. And, having provided dates and nothing else regarding internal communications about essentiality, Huawei cannot challenge or argue anything about the substance of the communications it claims are privileged, such as by arguing that although essentiality was discussed, no determination was made that the alleged inventions might actually be essential.

The bottom line is, as the Court ruled, the dates non-lawyers first believed that the alleged inventions might be standard-essential are not privileged. The Court ordered Huawei to provide those dates, and Huawei provided dates in its privilege log in response to, and supposedly in compliance with, the Court's order. Accordingly, T-Mobile requests that the Court preclude Huawei from challenging the dates in its privilege log as the dates on which Huawei employees communicated a belief that their alleged inventions might be standard-essential.

## Background

***T-Mobile's Requests for Discovery Regarding Huawei's Efforts to Comply with the ETSI Disclosure Obligations***: Early in this case, T-Mobile sought discovery—through interrogatories, document requests, and a Rule 30(b)(6) deposition—regarding the circumstances, including the timing, under which Huawei determined that its alleged inventions might be essential. In response to questions on this topic, Huawei's Rule 30(b)(6) witness testified that Huawei maintains an "IT system" from which one can determine the facts, including the relevant dates, regarding Huawei's

2

first awareness that the asserted patents might be essential.  *See* D.I. 215 at 4.  Other than to identify the IT system and state that he required the IT system to answer the questions concerning the asserted patents, Huawei's witness could not meaningfully respond to T-Mobile's questions.  D.I. 215 at 4–5.  After the deposition, T-Mobile requested that Huawei produce relevant entries from the IT system.  Huawei refused, stating that it had provided all non-privileged information.  As a result, on May 12, 2017, T-Mobile moved to compel discovery from Huawei regarding the circumstances of its disclosure of the asserted patents to ETSI, including when Huawei was first aware that the alleged inventions might be essential.  D.I. 215.  As Huawei's opposition makes clear, Huawei relied on the privilege to shield all discovery into when individuals at Huawei first communicated beliefs that the alleged inventions might be essential.  *See* D.I. 224 at 2–3.

*The Hearing on T-Mobile's Motion to Compel*:  On June 16, 2017, the Court held a hearing on T-Mobile's motion and granted T-Mobile's motion in part, ordering Huawei to provide an amended privilege log that "identifies the communications to which the privilege is claimed," including "a date, an author of the communications, and a recipient."  6/16/2017 Hearing Tr. (Ex. A) at 28:13–17; 29:19–20.  As the hearing transcript makes clear, "the communications" refers to, for example, "a communication [by the inventors] with their belief that the patent might be related to the proposal."  *Id.* at 22:14–18.  The hearing transcript also makes clear that the Court did not consider the dates of such communications to be privileged:

- "Well, isn't that a date that they're entitled to know, when the employees first submitted that?"  *Id.* at 19:8–9.

- "And what is your basis for contending that they're not entitled to know *when* the inventors first made that communication?"  *Id.* at 20:1–3 (emphasis added).

- "I don't – I don't know the authority for the proposition that the date that a party first seeks legal advice is not discoverable.  I know in other contexts it is discoverable."  *Id.* at 20:9–12.

- "I think that's different from the date on which the inventors who are non-legal personnel submitted their communication of belief that their invention, their patent was related to the proposal." *Id.* at 22:22–25.

- "I'm talking about answering a request for the date when the inventor made that communication." *Id.* at 23:16–18.

- "MS. DU: You're absolutely right, Your Honor.  And we can provide a more detailed privilege log with a more specific identification of the people who are involved in those communications.  THE COURT: *And the dates* of them?" *Id.* at 30:4–9 (emphases added).

Thus, throughout the hearing, the Court reiterated its belief that Huawei could not claim privilege over the date that non-lawyers first communicated that an alleged invention might be essential.

Although T-Mobile sought production of the IT database itself—which the Court declined in favor of an amended privilege log—T-Mobile's counsel confirmed that any amended log should be "itemized." *Id.* at 27:3–10.  Such detail, T-Mobile's counsel explained, would enable T-Mobile to "see that there was an initial communication from the inventor to the IPR department saying, I think that my patent may be essential," which would "support T-Mobile's position that there was not timely disclosure made to the standards setting organization." *Id*.  The Court concluded the hearing by ordering Huawei to "provide a further privilege log in accordance with the discussions" at the hearing that day.  *Id.* at 33:5–10.

***Huawei's Amended Privilege Log and T-Mobile's Reliance***:  On June 30, 2017, Huawei produced an amended privilege log, which included revised entries showing that Huawei employees, including inventors, authored "communications re essentiality of the invention incorporated into" the asserted patents over a range of dates.  *See, e.g.*, Amended Privilege Log (D.I. 282-21) at 1 (listing Shi Shufeng, Liang Feng, and Shen Linfei—all listed as inventors on the face of the '365 patent—as authors of communications "re essentiality of the invention incorporated into U.S. Patent No. 8,069,365," beginning 8/10/2007).  The amended privilege log also included new entries that identified communications on certain specific dates.  The log,

4

however, did not provide all of the information that T-Mobile requested and that the Court ordered Huawei to provide (for instance, authors and dates for all entries).  On July 6, 2017, T-Mobile wrote to Huawei and identified the deficiencies.  *See* Ex. B.  On July 12, 2017, Huawei replied, representing that the amended privilege log provided all available information.  *See* Ex. C.  Given Huawei's assertion of privilege, and the Court's acceptance of that privilege, T-Mobile thus had no choice but to rely on the amended log and the information contained therein.

T-Mobile demonstrated its reliance by citing to the amended privilege log, and the dates provided therein, when T-Mobile opposed Huawei's motion for summary judgment.  *See* T-Mobile MSJ Opp. (D.I. 282) at 9–10.  Neither in reply, nor at the hearing on the summary judgment motion, did Huawei make *any challenge* to T-Mobile's recitation of the information in the amended privilege log or, specifically, the dates of Huawei's first communications regarding whether an alleged invention was essential.  *Compare* T-Mobile MSJ Opp. (D.I. 282) at 10 *with* Huawei Reply (D.I. 306) at 8.[1]  Likewise, in its Report and Recommendation denying Huawei's motion for summary judgment, the Court held, *inter alia,* that a reasonable jury could find from the evidence adduced by T-Mobile that "Huawei did not comply with the ETSI Policy."  D.I. 348 at 5.  To support that holding, the Court specifically pointed to T-Mobile's opposition brief at pages 9–10, where T-Mobile had quoted from Huawei's privilege log.  *Id.*

***T-Mobile's Proposed Stipulated Facts***:  In its draft of the pretrial order, T-Mobile included stipulated facts that repeated dates and language appearing in Huawei's amended privilege log. Unexpectedly, however, and despite this record, Huawei refused to stipulate to the very facts that

---

[1]  Instead, Huawei asserted that when "Huawei first *determined* that the asserted patents may have been essential" was the only disputed issue.  Huawei Reply (D.I. 306) at 8.  This appears to be a resurrection of Huawei's assertion, made in opposition to T-Mobile's motion to compel, that there is a distinction between when "the 'might be essential' determination was . . . *made* as opposed to being simply *under consideration*."  D.I. 224 at 5 (emphases added).

Huawei provided in its privilege log.  During the parties' August 31, 2017 meet and confer, Huawei asserted that it had no obligation to agree to T-Mobile's proposed stipulations—even language taken virtually verbatim from its privilege log—because Huawei had not provided that information in the form of discovery responses.  Huawei further asserted that others of T-Mobile's proposed stipulations inappropriately attempted to "draw conclusions" from the information on Huawei's log.  When T-Mobile pointed out that the proposed stipulations were exactly what Huawei was ordered to provide—and purportedly did provide—Huawei had no substantive response.

## Argument

T-Mobile requests that Huawei be precluded from challenging any facts set forth on its amended privilege log, and that Huawei be precluded from contesting that the dates provided in the log are the dates by which Huawei employees first communicated their beliefs that the alleged inventions might be standard-essential.

### 1.   Huawei Is Bound by the Facts in Its Privilege Log

The facts Huawei has entered in its privilege log, in response to a Court order, are admissions and are binding on Huawei.  Accordingly, the following facts—reflecting the information Huawei provided in its amended privilege log, using virtually the exact language Huawei used in the log—should be entered into the pretrial order and jury instructions as established:

1.  Huawei had internal communications that Huawei describes as communications regarding essentiality of the invention incorporated into the '365 patent, beginning at least as early as August 10, 2007.  Individuals listed as inventors on the face of the '365 patent, including Feng Liang, Linfei Shen, and Shufeng Shi, participated in those communications.  Amended Privilege Log (D.I. 282-21) at 1.

2.  Huawei had internal communications that Huawei describes as communications regarding essentiality of the invention incorporated into the '617 patent, beginning at least as early as August 10, 2007.  Individuals listed as inventors on the face of the '617 patent, including Feng Liang, Shen Linfei, and Shufeng Shi, participated in those communications.  *Id.*

3. Huawei had internal communications that Huawei describes as communications regarding essentiality of the invention incorporated into the '339 patent, beginning at least as early as August 15, 2006. Weihua Hu, the sole individual listed as an inventor on the face of the '339 patent, participated in those communications. *Id.* at 7; *id.* at 1.

4. Huawei had internal communications that Huawei describes as communications regarding essentiality of the invention incorporated into the '462 patent, beginning at least as early as July 16, 2008. Yu Yin and Zhiyu Di, the individuals listed as inventors on the face of the '462 patent, participated in those communications. *Id.* at 21.

Because these facts merely repeat the information Huawei provided on its privilege log in response to a Court order, they should be treated as uncontested.

Huawei's sole argument in response—that it cannot be bound because it presented these facts in a privilege log, rather than a discovery response—is meritless. *See, e.g.*, *Mutual Ins. Co. v. Murphy*, 630 F. Supp. 2d 158, 168 n.3 (D. Mass. 2009) (a party's privilege log "can be deemed an admission of a party opponent"). It makes no difference whether Huawei recited the facts in an interrogatory response or in the privilege log that the Court ordered it to provide. Huawei's contrary argument elevates form over substance, particularly given Huawei's representation that it had no additional information to provide other than what is in the amended log.

## 2. Huawei Should Be Precluded from Contesting That the Dates in Its Log Are the Dates Its Employees First Believed That the Alleged Inventions Might Be Essential

In addition to the facts stated directly in the privilege log, Huawei should also be precluded from contesting that the dates provided in the log are the dates by which Huawei employees first communicated their beliefs that the alleged inventions might be standard-essential: (1) August 10, 2007, for the '365 patent, (2) August 10, 2007, for the '617 patent, (3) August 15, 2006, for the '339 patent, and (4) July 16, 2008, for the '462 patent. As discussed below, these dates must be accepted as the dates by which Huawei employees first communicated their beliefs that the alleged inventions might be standard-essential—that is the information T-Mobile sought, that the Court

stated is non-privileged, and that the Court ordered Huawei to provide in its amended privilege log.

As an initial matter, Huawei should be precluded from challenging this information because that is what Huawei was ordered to provide. In ordering the amended privilege log, this Court ordered Huawei to provide "the date on which the inventors who are non-legal personnel submitted their communication of belief that their invention . . . was related to the [standard] proposal." 6/16/2017 Hearing Tr. (Ex. A) at 22:22–25; *id.* at 19:8–9. Whatever artful language Huawei chose to describe these communications in its log, the dates Huawei provided must be accepted as the dates the Court ordered Huawei to provide. If, on the other hand, Huawei maintains that these dates are *not* identified in the amended log, then Huawei has violated the Court's order, and the Court should enter these facts into the pretrial order or jury instructions as "established for purposes of the action." Fed. R. Civ. P. 37(b)(2)(A)(i) (where a party has disobeyed a discovery order, the court may issue a further order "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action").

In addition, because Huawei chose to stand on its claim of privilege and block all discovery into Huawei's communications regarding essentiality, Huawei cannot, as a matter of law, be permitted to dispute these facts. Indeed, Huawei's invocation of the privilege precludes Huawei from attempting to argue *anything* about the substance of the communications it has shielded. *See, e.g.*, *MobileMedia Ideas LLC v. HTC Corp.*, Case 2:10-cv-00112-JRG, ECF No. 151, at *6 (E.D. Tex. May 3, 2012) ("[B]y asserting privilege on issues related to venue . . . HTC has abandoned its chance to answer those questions and clear itself from any allegations that it acted to manipulate venue."); *GSI Grp., Inc. v. Sukup Mfg., Co.*, No. 05-3011, 2006 WL 898141, at *3 (C.D. Ill. Apr. 5, 2006) (plaintiff "may not present any additional evidence in this proceeding to explain why it

delayed bringing suit" after invoking privilege over that topic). Huawei cannot, for instance, argue that although "essentiality" was discussed on the dates it identified, whether the alleged inventions "might be essential" was not; nor can Huawei argue that it did not finally determine that the alleged inventions "might be essential" until it made its public disclosures. Because Huawei prevented T-Mobile from discovering any facts or testing any assertions Huawei might make concerning its communications regarding essentiality by claiming privilege over them, Huawei cannot now make any arguments or suggestions regarding the substance of those communications. Any attempt by Huawei to contest the date by which an employee first communicated a belief that an alleged invention might be essential would necessarily put the protected communications at issue, thereby waiving the privilege. *See United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("[T]he attorney-client privilege cannot at once be used as a shield and a sword. . . . the privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications.").

## Conclusion

T-Mobile respectfully requests that Huawei be precluded from challenging any facts set forth on its amended privilege log, and that the facts taken from Huawei's privilege log (itemized above) be entered into the pretrial order and jury instructions as established.

102359839.15

Dated: September 6, 2017                By: __/s/ Mark N. Reiter

                                        Josh A. Krevitt (New York Bar No. 2568228)
                                        **GIBSON, DUNN & CRUTCHER LLP**
                                        200 Park Avenue, 47th Floor
                                        New York, New York 10166
                                        Tel: (212) 351-4000
                                        Fax:  (212) 351-4035

                                        Mark N. Reiter (Texas Bar No. 16759900)
                                        **GIBSON, DUNN & CRUTCHER LLP**
                                        2100 McKinney Avenue, Suite 1100
                                        Dallas, Texas 75201
                                        Tel: (214) 698-3100
                                        Fax: (214) 571-2900

                                        Ernest Y. Hsin (California Bar No. 201668)
                                        **GIBSON, DUNN & CRUTCHER LLP**
                                        555 Mission Street
                                        San Francisco, CA 94105-0921
                                        Tel: (415) 393-8224
                                        Fax: (415) 374-8436

                                        Stuart M. Rosenberg (California Bar No. 239926)
                                        **GIBSON, DUNN & CRUTCHER LLP**
                                        1881 Page Mill Road
                                        Palo Alto, CA 94304-1211
                                        Tel: (650) 849-5389
                                        Fax: (650) 849-5089

                                        Mark D. Selwyn
                                        (California Bar No. 244180)
                                        Kathryn D. Zalewski (California Bar No. 263119)
                                        **WILMER CUTLER PICKERING
                                          HALE AND DORR LLP**
                                        950 Page Mill Road
                                        Palo Alto, California 94304
                                        (650) 858-6000

                                        Joseph J. Mueller
                                        (Massachusetts Bar No. 647567)
                                        Cynthia Vreeland
                                        (Texas Bar No. 20625150
                                        Massachusetts Bar No. 635143)

**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
(617) 526-6000

Michael E. Jones
Texas Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
Texas Bar No. 00785097
glennthames@potterminton.com
**POTTER MINTON, PC**
110 North College Ave., Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846

*Counsel for Defendants T-Mobile US,
Inc. and T-Mobile USA, Inc.*


/s/ *John D. Haynes*
John D. Haynes (GA Bar No. 340599)
Patrick J. Flinn (GA Bar No. 264540)
Michael C. Deane (GA Bar No. 498195)
**ALSTON & BIRD LLP**
1201 W. Peachtree St.
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: John.Haynes@alston.com
Email: Patrick.Flinn@alston.com
Email: Michael.Deane@alston.com

Michael J. Newton (TX Bar No. 24003844)
**ALSTON & BIRD LLP**
2800 N. Harwood St., Suite 1800
Dallas, Texas 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
Email: Mike.Newton@alston.com
Email: Derek.Neilson@alston.com

M. Scott Stevens (NC Bar No. 37828)

11

Ross R. Barton (NC Bar No. 37179)
**ALSTON & BIRD LLP**
Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
Email: Scott.Stevens@alston.com
Email: Ross.Barton@alston.com

Deron R. Dacus (Texas State Bar No. 790553)
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite
430 Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543

*Counsel for Intervenors Nokia Solutions
and Networks US LLC and Nokia Solutions
and Networks Oy*
*7*

/s/  *Phillip B. Philbin*
Phillip B. Philbin
LEAD ATTORNEY
State Bar No. 15909020
Jamie H. McDole
State Bar No. 24082049
Michael D. Karson
State Bar No. 24090198
Tiffany M. Cooke
State Bar No. 24087340
**HAYNES AND BOONE, LLP**
2323 Victory Avenue
Suite 700
Dallas, Texas 75219
Tel.: (214) 651-5000
Fax: (214) 651-5940
Email: phillip.philbin@haynesboone.com
jamie.mcdole@haynesboone.com
michael.karson@haynesboone.com
tiffany.cooke@haynesboone.com

102359839.15

Jason T. Lao
California State Bar No. 288161
**HAYNES AND BOONE, LLP**
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
Tel.: (949) 202-3051
Fax: (949) 202-3151

*Counsel for Intervenors*
*Telefonaktiebolaget LM Ericsson and*
*Ericsson Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on September 6, 2017 by electronic mail upon all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).


    */s/ Mark N. Reiter*
    Mark N. Reiter


## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on August 31, 2017, pursuant to Local Rules CV-7(h) and (i), counsel for Defendants T-Mobile US, Inc. and T-Mobile U.S.A., Inc. ("T Mobile"), including Stuart Rosenberg, Kate Dominguez, and Spencer Ririe, met and conferred with counsel for Huawei Technologies Co. Ltd. ("Huawei"), including Phillip Goter, Jonathan Lamberson, and Ricardo Bonilla, regarding the substance of this Motion.  Counsel for Huawei would not agree to include in the pretrial order as uncontested the facts requested by T Mobile, for the reasons discussed in this Motion.  Accordingly, the parties are at an impasse.


    */s/ Stuart M. Rosenberg*
    Stuart M. Rosenberg

102359839.15