IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HUAWEI TECHNOLOGIES CO. LTD | § | |
| | § | |
| v. | § | Case No. 2:16-CV-00055-JRG-RSP |
| | § | |
| T-MOBILE US, INC., T-MOBILE USA, INC. | § § | |

**MEMORANDUM OPINION AND ORDER**

On January 15, 2016, Plaintiff Huawei Technologies Co. Ltd. ("Huawei") filed four lawsuits against Defendants T-Mobile USA, Inc. and T-Mobile US, Inc. (collectively, "T-Mobile"), alleging infringement of fourteen patents that Huawei contends are essential to the Long-Term Evolution (LTE) standard for wireless communication. *See* Case Nos. 2:16-cv-52, -55, -56, -and 57. Huawei's lawsuits prompted intervention by Nokia Solutions and Networks US LLC, Nokia Solutions and Networks Oy (collectively, "Nokia"), Ericsson, and Ericsson, Inc. (collectively, "Ericsson"). Huawei is now asserting ten patents across the four cases, and there are an additional four cases involving counterclaims filed by Nokia and a ninth declaratory judgment case involving Huawei's license negotiations with T-Mobile. The patents-in-suit asserted by Huawei relate to features and components of the LTE network, and this case involves four of the patents: U.S. Patent Nos. 8,325,675 ("the '675 patent"), 8,531,971 ("the '971 patent"), and 8,798,575 ("the '575 patent"), 8,908,627 ("the '627 patent"). *See* Case No. 2:16-cv-55, Compl., Dkt. 1. Trial is currently scheduled to begin November 13, 2017, before Judge Gilstrap. A number of expert- and discovery-related motions are pending. *See* Dkts. 243, 247, 336. These motions are addressed in this opinion and order.

## DISCUSSION

### 1. Huawei's Motion to Strike Portions of Dr. Lyon's Invalidity Reports, Dkt. 243

Huawei moves to strike portions of Dr. David Lyon's invalidity reports that disclose Dr. Lyon's opinions regarding invalidity of the '575, '675, and '627 patents. Dkt. 243. The disputed portions of Dr. Lyon's report disclose opinions regarding two prior art references that Huawei contends were not disclosed (or not adequately disclosed) in T-Mobile and Intervenors' invalidity contentions: Siemens S2-043762, or Tdoc S2-043762 ("the Siemens reference"), and Nortel S2-062190 ("the Nortel reference"). T-Mobile and Intervenors argue that there was no obligation to disclose these references for Dr. Lyon's "background" or "state of the art" opinions. *See* Dkt. 258. With respect to the Nortel reference, T-Mobile and Intervenors argue that Huawei had sufficient notice of the reference and, as a result, will not be prejudiced by Dr. Lyon's opinion.

Local Patent Rule 3-3 requires a party charged with infringement to "identify each item of prior art that allegedly anticipates each asserted claim or renders it obvious." P.R. 3-3(a). The party's invalidity contentions must also include "[a] chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found." *Id.* 3-3(c). Local patent rules "are essentially a series of case management orders." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006). If a party fails to obey such an order, the court "may impose any 'just' sanction' . . . including 'refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.'" *Id.* (quoting Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b)(2)(B)).

T-Mobile and Intervenors were required to comply with Local Patent Rule 3-3 by August 11, 2016. Dkt. 79 at 3. The invalidity contentions that were provided at that time did not adequately disclose the Siemens and Nortel references for purposes of supporting an invalidity defense based on those references. The Siemens reference was not disclosed at all. *See* Dkt. 243-1. The Nortel

reference was disclosed in a table along with 17 other references, but there is no disclosure of where the asserted claim elements are found in the Nortel reference. *See id.* at 28. T-Mobile and Intervenors never sought leave to amend their invalidity contentions.

The first page of T-Mobile and Intervenors' response to Huawei's motion contends that "Huawei's motion fails . . . because there was no need for Defendants and Intervenors to have disclosed *any* of this material in their contentions for the purpose for which Dr. Lyon is using the material." Dkt. 258 at 1 (T-Mobile and Intervenors' emphasis). According to T-Mobile and Intervenors, Dr. Lyon's opinions are only "background material relevant to the technology at issue, the state of the art, and what one skilled in the art would have known at the time." *Id.* This is simply not the case.

The objectionable portions of Dr. Lyon's report are invalidity opinions. With respect to the Siemens reference, Dr. Lyon states that the reference "discloses that OCS (online charging system) addresses may be passed from the CRF to the TPF, and shall also be locally pre-configured within the TPF." *See* Lyon '575 Patent Invalidity Rep. ¶ 159, Dkt. 243-2. Passing address information from the CRF to the TPF is an element recited in the asserted claims of the '575 patent, and Dr. Lyon is concluding that the Siemens references describes this element. An opinion concerning background, state of the art, or the knowledge of a person of ordinary skill in the art is necessarily more general, e.g., the 3G network was launched in the early 2000s. Dr. Lyon later describes the Siemens reference to support his obviousness opinions, stating, for example, that "[i]t is my opinion that [another reference] in combination with [the Siemens reference] discloses or renders obvious claims . . . of the '575 patent." *See id.* ¶¶ 211-14. Though T-Mobile and Intervenors have indicated they are withdrawing this portion of Dr. Lyon's report, it is clear that Dr. Lyon is relying on the Siemens reference to support an invalidity analysis, not as background or state of the art.

The same is true of the Nortel reference. Dr. Lyon explains why the Nortel reference is prior art then goes on to describe how the Nortel reference discloses data forwarding during a handover from one cellular base station to another. *See* Lyon '675 and '627 Patent Invalidity Rep. ¶¶ 179-82, 103, Dkt. 243-3. Dr. Lyon also relies on the Nortel reference for a disclosure of certain claim elements as part of his obviousness analysis. *Id.* ¶¶ 315-46, 537-552. An opinion that Nortel discloses data forwarding or other elements in the claims of the '675 and '627 patents is an invalidity opinion, not an opinion concerning the general technological background or state of the art. Dr. Lyon's discussion at paragraph 103 of his report is admittedly more general. In light of his overall opinion, however, there appears to be a significant risk that he will present the jury with an undisclosed invalidity opinion.

T-Mobile and Intervenors' argument about the lack of prejudice to Huawei is not persuasive. T-Mobile and Intervenors emphasize that the Nortel reference was the basis of a petition for inter partes review (IPR) filed in January 2017. Dkt. 258 at 1. Thus, Huawei allegedly had sufficient notice to prepare for opinions relying on the Nortel reference. This argument of course begs the question why T-Mobile and Intervenors did not move to amend their invalidity contentions ten months ago. The Court likely would have allowed the amendment because the case was in its early stages. More importantly, notice is not the only purpose of invalidity contentions. Like interrogatory responses, contentions narrow issues and set boundaries for trial. *See Fenner Investments, Ltd. v. Hewlett-Packard Co.*, No. 6:08-cv-273, 2010 WL 786606, at *2 (E.D. Tex. Feb. 26, 2010); *Wilson Land Corp. v. Smith Barney, Inc.*, No. 5:97CV519, 2000 WL 33672980, at *3 (E.D.N.C. Dec. 8, 2000). Accordingly, Huawei's motion to strike is **GRANTED**.

## 2. T-Mobile and Intervenors' *Daubert* motion to exclude Dr. Leopold's Opinions Concerning Prior Art, Dkt. 247

T-Mobile and Intervenors move to exclude Dr. Raymond Leopold from offering opinions concerning whether certain references or admissions by Huawei qualify as prior art. *See* Dkt. 247. Although the basis for the motion is not entirely clear, T-Mobile and Intervenors' argument appears to be that because Dr. Leopold's deposition testimony reveals a misunderstanding of the governing law, his testimony should be excluded. T-Mobile and Intervenors do not, however, appear to be arguing that Dr. Leopold is unqualified. For the following reasons, the motion is denied.

When evaluating a party's challenge to an opponent's expert witness, the Court assumes the role of gatekeeper to ensure the reliability and relevance of the expert's testimony. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999). Rule 702 guides the inquiry, specifying that a qualified expert may testify as long as his opinion will aid the fact finder and is reliable, i.e., the opinion must stand on sufficient data, reliable methods, and the facts of the case. *See Daubert*, 509 U.S. at 590; Fed. R. Evid. 702(a)-(d); *see also Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391 (Fed. Cir. 2003) ("In 2000, Rule 702 was amended in response to *Daubert* and cases applying it.").

If Dr. Leopold's testimony is limited to his expert report, as it must be, there does not appear to be a *Daubert* issue. This is because Dr. Leopold's report is consistent with applicable patent law. In discussing the standard for whether a reference qualifies as prior art, Dr. Leopold correctly states that "[a] reference will be prior art if it satisfies the rules set out in 35 U.S.C. § 102, including, for example, the requirement that the reference has an effective date either more than one year before the patent was filed, or before the date of the invention." Leopold Rebuttal Rep. ¶ 18, Dkt. 247-6. Dr. Leopold goes on to state his opinions concerning whether various references

are, in fact, prior art under this standard. A 3GPP standard document, for example, is not prior art, according to Dr. Leopold, because "the reference was not available prior to the invention of the '575 patent." *Id.* ¶ 54.

T-Mobile and Intervenors only take issue with Dr. Leopold's deposition testimony, but again, no objection is made to Dr. Leopold's qualifications. T-Mobile and Intervenors are nevertheless correct that Dr. Leopold's deposition answers are inconsistent with applicable patent law. First, Dr. Leopold testified that even though Figure 1 in the asserted '971 patent is labeled "Figure 1 (Prior Art)," it is not prior art. *See* Leopold Dep. at 49:21-52:24, Dkt. 247-5. Dr. Leopold is of course incorrect. "A statement in a patent that something is in the prior art is binding on the applicant and patentee for determinations of anticipation and obviousness." *Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 1570 (Fed. Cir. 1988). Second, Dr. Leopold testified that a reference may not be prior art even though it was published more than one year before the effective filing date of the asserted patent. *See* Leopold Dep. at 59:6-11, Dkt. 247-5. This, too, is incorrect. *See* 35 U.S.C. § 102(b); *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1236 n.4 (Fed. Cir. 2010).

The question remains whether there is a basis under *Daubert* to exclude an expert's testimony because of the expert's deposition testimony. T-Mobile and Intervenors do not adequately address this point. More important, T-Mobile and Intervenors do not move to strike the deposition testimony itself, as if the testimony were an extension of Dr. Leopold's report. Ordinarily, supplemental deposition testimony cannot cure a deficient expert report. *See, e.g.*, *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008). The inverse should also be true— deficient expert deposition testimony ordinarily should not spoil an otherwise reliable expert report. This assumes that the expert is not attempting to offer new opinions through deposition testimony that were not disclosed in his report. *See, e.g.*, *Tyree v. Boston Sci. Corp.*, 54 F. Supp.

3d 501, 527 (S.D.W. Va. 2014), *as amended* (Oct. 29, 2014). In sum, because Dr. Leopold's expert report is consistent with applicable law, his testimony concerning whether a reference qualifies as prior art does not justify his exclusion.

The Court does, however, offer the following points of clarification. First, "opinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible." *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006). There are some exceptions to this general rule in patent cases, *see, e.g.*, *Yarway Corp. v. Eur-Control USA, Inc.*, 775 F.2d 268, 274 (Fed. Cir. 1985), but Dr. Leopold has not been offered as a patent law expert and will not be permitted to opine on the legal standard for how to determine whether a reference or admission is prior art. Second, if Dr. Leopold testifies, as he did during his deposition, that Figure 1 of the '971 patent is not admitted prior art, or that a reference published more than one year before the effective filing date of an asserted patent is not prior art, the matter can easily be addressed on a contemporaneous objection. Subject to these clarifications, T-Mobile and Intervenors' motion is **DENIED**.

### 3. Huawei's Motion for Leave to Supplement Dr. Leopold's and Dr. Wells' Expert Reports, Dkt. 336

Huawei moves for leave to supplement the expert reports of Dr. Leopold and Dr. Jonathan Wells with information related to emails T-Mobile produced after the parties exchanged expert reports. *See* Dkt. 336. T-Mobile and Intervenors oppose granting leave with respect to limited portions of Dr. Leopold's and Dr. Wells' supplemental reports because the opposed portions are based on documents disclosed during fact-discovery, and thus, according to T-Mobile and Intervenors, there was no excuse for not including the information in the experts' original reports. *See* Dkt. 354.

7

While the Court agrees with T-Mobile and Intervenors that ordinarily a party should be precluded from supplementing an expert report with information the party had during the discovery period, the late email production justifies Huawei's supplementation. Even though Huawei had the documents attached to the late-produced emails, Huawei did not have the emails themselves. The emails, as Drs. Leopold and Wells point out, provide additional context and demonstrate additional relevance of the attached documents, and this information was unknown to Huawei during the discovery period. Dr. Wells' supplemental report, for example, explains how the statements made in the emails themselves support his opinions. *See, e.g.*, Wells' Supp. Rep. ¶ 18-20, Dkt. 336-4. Dr. Leopold's supplemental report includes similar conclusions. *See, e.g.*, Leopold Supp. Rep. ¶¶ 5, 8, 13, 15 n.1, 17, 23, 24, Dkt. 336-3. In sum, considering the relevant factors in deciding whether to excuse a discovery violation, *see, e.g.*, *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996), good cause exists for Huawei's supplementation, and any prejudice can be cured by allowing T-Mobile and Intervenors leave to supplement their reports with a response to Huawei's supplemental reports. Accordingly, the motion is **GRANTED**, and T-Mobile and Intervenors are given leave to promptly supplement their reports with a response to the new opinions.

## CONCLUSION

For the foregoing reasons,

It is **ORDERED**:

(1) Huawei's motion to strike portions of Dr. Lyon's invalidity reports, Dkt. 243, is **GRANTED**. Paragraphs 157-159, and 211-214 in Dr. Lyon's '575 Patent Invalidity Report, Dkt. 243-2, and paragraphs 103 (only the discussion of the Nortel reference), 179-

182, 315-346, and 537-552 in Dr. Lyon's '675 and '627 Patent Invalidity Report, Dkt. 243-3, are **STRICKEN** from the reports.

(2) T-Mobile and Intervenors' *Daubert* motion to exclude Dr. Leopold's Opinions Concerning Prior Art, Dkt. 247, is **DENIED**.

(3) Huawei's motion for leave to supplement Dr. Leopold's and Dr. Wells' expert reports, Dkt. 336, is **GRANTED**. T-Mobile and Intervenors are given leave to promptly supplement the report of their expert, Dr. David Lyon, with a response to the new opinions.

**SIGNED this 16th day of October, 2017.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE