IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD, | § |
| | §  Case No. 2:16-cv-00055-JRG-RSP |
| v. | § |
| | § |
| T-MOBILE US, INC., T-MOBILE U.S.A., INC., | § |

## ORDER

Before the Court is the Report and Recommendation of Magistrate Judge Payne, which provides recommendations on the parties' pending summary judgment motions. Dkt. No. 389. Having reviewed the parties' objections, and having considered the Report and Recommendation de novo, the Court finds no reason to reject or modify the recommended dispositions. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

Accordingly,

It is **ORDERED**:

(1) The parties' objections to the Report and Recommendation, Dkt. Nos. 405, 429, 430, 431, are **OVERRULED**.

(2) The Magistrate Judge's Report and Recommendation, Dkt. No. 389, is **ADOPTED**.

(3) T-Mobile's motion for summary judgment that Huawei is not entitled to presuit damages, Dkt. 245, is **GRANTED**.

(4) T-Mobile and Intervenors' motion for partial summary judgment of noninfringement with respect to the '575 patent, Dkt. No. 248, is **DENIED**. Pursuant to Rule 56(g), however, the CRF does not send "address information" of the first accused charging system to the TPF simply by providing a "default" indication, which tells the TPF to use the first charging system, the address of which is already preprogrammed into the TPF.

1

(5) T-Mobile and Nokia's motion for summary judgment that Huawei's rights under the '575 patent are exhausted, Dkt. No. 249, is **DENIED**.

(6) T-Mobile and Nokia's motion for partial summary judgment of noninfringement of the '675 and '627 patents, Dkt. No. 250, is **DENIED**.

(7) T-Mobile and Intervenors' motion for summary judgment that claims of the '575 and '971 patents are invalid under 35 U.S.C. § 101, Dkt. No. 252, is **DENIED**.

(8) T-Mobile and Intervenors' motion for summary judgment that claim 1 of the '675 patent is invalid for lack of written description, Dkt. No. 253, is **DENIED**. However, Huawei is precluded from presenting any evidence or argument that the boilerplate language in the '675 patent at column 17, lines 29-35, is sufficient to provide written description of intra-RAN handovers.

**So ORDERED and SIGNED this 7th day of November, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE